UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY P. BEGIN,<br><br>　　　　　Plaintiff,<br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>　　　　　Defendant. | Civil Action File No:<br><br>———————<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## INTRODUCTION

1. This is an action for statutory damages attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and treble damages pursuant to Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in the County of Cobb, State of Georgia.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(3).

6. Defendant is a Delaware corporation.

7. Defendant may be served by personal service upon its authorized agent: CT Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

8. Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant uses telephone communications in its business.

10. Defendant uses the mails in its business.

11. Defendant does not maintain a place of business in Georgia.

12. Defendant does not keep assets in Georgia.

13. The principal purpose of Defendant's business is the collection of debts.

14. Plaintiff became delinquent on an American Express account (the "Account").

15. American Express engaged Defendant to collect on the Account.

16. On or about July 7, 2010, Defendant mailed Plaintiff the first of its collection letters regarding the Account (the July 27th Collection Letter").

17. The July 27th Collection Letter was Defendant's first written communication with Plaintiff.

18. Plaintiff mailed Defendant a letter on or about July 26, 2010, requesting that Defendant validate the debt on the Account (the "Request for Validation Letter").

19. Defendant received the Request for Validation Letter within several days of Plaintiff mailing it to Defendant.

20. Defendant never validated the debt.

21. On or about September 28, 2010, Defendant mailed a collection letter dated September 24, 2010, to Plaintiff (the "Sept. 24th Collection Letter").

22. Plaintiff did not receive the Sept. 24th Collection Letter until October 6, 2010.

23. The Sept. 24th Collection Letter stated, in part: " We will expect your monthly payment of $55.00 by the 10TH OF THE MONTH.  The balance due is $1,697.70.  The payment arrangement is to be complied with 'ON TIME'.  Your failure to comply with this payment arrangement automatically places your case in a default status, requiring the balance in

full.  Please make your check or money order payable to 'American Express' and return it with this notice in the enclosed window envelope.  If you have any questions concerning your payment agreement, please feel free to call."

24. Plaintiff never entered a payment arrangement for the Account with Defendant.

25. The Account was in default at the time that Defendant mailed the Sept. 24th Collection Letter to Plaintiff.

26. The Sept. 24th Collection Letter contained false statements.

27. The Sept. 24th Collection Letter was deceptive.

28. Plaintiff never entered any payment agreement with Defendant or the original creditor.

29. Defendant intentionally sent a false and deceptive letter to Plaintiff.

30. Except for the specified monthly payment and balance due in the Sept. 24th Collection Letter, Defendant regularly sends letters to consumers that contains the same language as in the Sept. 24th Collection Letter.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF THE FDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g(b).

33. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f by sending Plaintiff the Sept. 24th Collection Letter that made false, deceptive and misleading representations in connection with the collection of a debt.

34. Defendant violated 15 U.S.C. § 1692 g(b) by continuing its collection efforts after Defendant received the Request for Validation Letter and failing to validate the debt.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATIONS OF
## GEORGIA'S FAIR BUSINESS PRACTICES ACT

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

39. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457, 654 S.E.2d 428 (2007).  <u>Gilmore v. Account Management, Inc.</u>, 357 Fed.Appx. 218 (11th Cir. 2009).

40. Defendant's acts violated the FDCPA.

41. Defendant's acts violated the FBPA.

42. Defendant's acts in violation of the FDCPA and FBPA were intentional.

43. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages.

44. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## **TRIAL BY JURY**

45. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

a.  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

b.  For an award of treble damages pursuant to the FBPA;

c.  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

d.  For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 28, 2011             **THE KOVAL FIRM, LLC**

By: s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 28th day of September, 2011.


s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com